lmv

/3

United States District Court
Southern District of Texas
ENTERED

JUL 0 1 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

JUN 2 9 1998

Michael N. Milby, Clerk

| | |
|---|---|
| JESUS CASANOBA ) | |
| VS ) | C.A. NO. B98 053 |
| ) | (636(c)) |
| MARIO GONZALEZ, ) | |
| Field Office Manager, | |
| Harlingen, Texas, ) | |
| Social Security Admin. | |
| ) | |
| KENNETH S. APFEL, | |
| Commissioner of Social Security ) | |

Lisa S. Brodyaga, 402 E. Harrison, 2nd Floor, Harlingen, Texas 78550, Attorney for Petitioner

United States Attorney (Nancy L. Masso, Assistant U.S. Attorney), P. O. Box 1671, Brownsville, Texas 78522

MEMORANDUM ORDER

Before this Court is the Petition of JESUS CASANOVA-MARTIN, AKA JESUS CASANOBA-MARTIN, for a Writ of Habeas Corpus, under 28 U.S.C. § 2241(c)(1) and (c)(2), alleging that he is a native born United States citizen, who is subject to unlawful restraint because Respondent's refused to open a Social Security account for him, and issue him a Social Security number, without which he is

unable to be lawfully employed in the United States. The parties have agreed that the matter be tried before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

A hearing was held before this Court on May 5, 1998, at which the Court took evidence with respect to Petitioner's claim to U.S. citizenship, including the testimony of Petitioner, his father, Roberto Casanova, and Socorro Marin-Aleman, a cousin of Petitioner's mother, Marcela Marin-Sanchez. The Court also received several documents, including copies of a map of the portion of Rio Rico where Petitioner claims to have been born, his birth certificate, and documents tending to corroborate his claim by showing that his parents were domiciled in Rio Rico at the time in question.

Upon consideration, this Court believes that some legal issues remain unresolved and additional briefs may be needed before this Court could enter a final judgment. However, in the interest of justice, this Court will at this time make a series of findings and urge the parties to attempt in good faith to compromise and settle their respective positions in light of the following findings.

## Findings

1. That the Court has jurisdiction over the instant case under 28 U.S.C. § 2241(c)(1) and (c)(2).

2. The witnesses all testified in a frank and candid manner, and any discrepancies in their testimony were due to the passage of time and memory lapses, and not to any intent to deceive the Court.

3. Petitioner has established by a preponderance of the credible evidence that he was born November 14, 1967, in the township of Rio Rico, which is now a part of Tamaulipas, Mexico, in a home located just south of the school, Amado Nervo, and just east of the town Plaza.

4. At the time of his birth, the home where Petitioner was born was located in the "Horcon Tract," a portion of the United States which had been separated from the mainland United States by the artificial diversion of the Rio Grande River, and which, as a result, was at time still part of the United States.

5. Petitioner, therefore, was born within the United States and subject to the jurisdiction thereof, and that, in

4

accordance with *In re Cantu*, 17 I&N 190 (BIA 1978), he is, consequently, a native-born United States citizen.

6. That there has been no showing that Petitioner has in any way lost his United States citizenship.

7. The spelling of Petitioner's name ("CASANOBA") on his birth certificate is erroneous, and that his true and correct name is JESUS CASANOVA-MARIN.

8. Petitioner JESUS CASANOVA-MARIN is, and has been since birth, a native born United States citizen.

A status conference is hereby set for August 14, 1998, 9:30 a.m. **IT IS SO ORDERED.**

DONE at Brownsville, Texas, this 29th day of June, 1998.

_____
Fidencio G. Garza Jr.
United States Magistrate Judge